66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tammy Lee MOOSO, Defendant-Appellant.
 No. 94-5771.
 United States Court of Appeals, Fourth Circuit.
 Sept. 14, 1995.
 
 Prosser D. Carnegie, Carnegie & Miller, Charlotte, NC, for Appellant.
 Mark T. Calloway, United States Attorney, Robert J. Higdon, Jr., Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tammy Lee Mooso was convicted by a jury of conspiracy to possess with intent to distribute and to distribute marijuana, 21 U.S.C.A. Sec. 846 (West Supp.1995), and received a sentence of 78 months imprisonment. She contends on appeal that the district court erred in admitting statements by a deceased co-conspirator, and in determining the amount of marijuana attributable to her for sentencing purposes. United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1994). Finding no error, we affirm the conviction and sentence.
 
 
 2
 The indictment charged Mooso with conspiring with Arthur Veler, who had since died, as well as with Wayne Reinhardt, and Ellen Bolick from January 1989 until May 26, 1992. Both Reinhardt and Bolick pled guilty and testified at Mooso's trial. Prior to trial, the government gave notice that it intended to introduce statements made by Veler under Fed.R.Evid. 801(d)(2)(E). The district court permitted the government to offer in evidence Veler's statements to Reinhardt which were made during the period that the conspiracy was alleged to exist.
 
 
 3
 Reinhardt, a truck driver, testified that he met Veler and Mooso in 1986. Veler was also a truck driver and lived in the same part of North Carolina; Mooso worked at a truckstop in Texas. Initially, Reinhardt bought small amounts of marijuana from both Veler and Mooso. Beginning in 1989, Veler began transporting marijuana from Texas to North Carolina every few weeks. He then moved to Texas and began living with Mooso, but continued making regular trips to North Carolina to sell marijuana. Reinhardt was a regular customer. In 1990, he and Bolick began living together; they were later married.
 
 
 4
 Reinhardt testified that Veler told him Mooso was his source, and that Mooso obtained marijuana from some Mexicans she knew. Reinhardt testified that between January 1992 and May 26, 1992, he saw 165 pounds of marijuana in Veler's possession which Veler brought to North Carolina to sell. In addition, he said that Veler told him on one trip that he had transported 50 pounds of marijuana concealed in plastic pipe to West Virginia for the Mexicans in return for two pounds of marijuana and, on another trip, that he had transported 35 pounds. The total amount which Reinhardt testified that Veler either brought to North Carolina to sell or transported to West Virginia during those months was at least 225 pounds (102 kilograms).
 
 
 5
 On his last trip to North Carolina, Veler was accompanied by Mooso. By then, Bolick was selling marijuana to an undercover officer. Reinhardt testified that Mooso was suspicious of these transactions. She refused to agree to supply 100 pounds of marijuana to the officer or to front him as little as one pound.
 
 
 6
 Mooso acknowledges the Supreme Court's holding in Bourjaily v. United States, 483 U.S. 171, 181-84 (1987), that no violation of the Confrontation Clause occurs when out-of-court statements are properly admitted under Fed.R.Evid. 801(d)(2)(E) because the requirements for admission under the rule and the Confrontation Clause are the same. However, she claims that in her case a violation occurred because Veler's death deprived her of any opportunity to attack his credibility. This argument is baseless. The mere fact that a coconspirator is dead does not make admission of his statements a violation of the confrontation right if the statements fall within a recognized hearsay exception. See United States v. Workman, 860 F.2d 140, 146 (4th Cir.1988), cert. denied, 489 U.S. 1078 (1989).
 
 
 7
 Mooso next claims that, in resolving her objection to the probation officer's recommendation that 80 to 100 kilograms of marijuana be attributed to her, the district court failed to make an independent determination concerning her relevant conduct. See USSG Sec. 6A1.3, p.s. Mooso's objection was simply that Reinhardt's trial testimony was not credible. She presented no further evidence at the sentencing hearing. The district court found that she was responsible for 80 to 100 kilograms based on the trial testimony, which established that quantity. This factual finding was adequate and not clearly erroneous.
 
 
 8
 Accordingly, the sentence imposed by the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED